**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **LAMONT MARCEL HALL, Jr.,** : | |
| : | Civ. Action No. 17-5789 (RMB) |
| **Plaintiff,** : | |
| : | |
| v. : | OPINION |
| : | |
| : | |
| **CAMDEN COUNTY JAIL,** : | |
| : | |
| **Defendant.** : | |
| : | |

**BUMB**, District Judge:

Plaintiff Lamont Marcel Hall, Jr., a pretrial detainee held in Camden County Jail, in Camden, New Jersey, filed a civil rights complaint on August 7, 2017. (Compl., ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-3.) Plaintiff, however, did not file a properly completed IFP application because he did not submit "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined," required by 28 U.S.C. § 1915(a)(2). Thus, the Court will administratively

terminate this action, subject to reopening if Petitioner files a complete IFP application or pays the filing fee.

Plaintiff should be aware, however, that if he is granted *in forma pauperis* status, he must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

After Plaintiff completes his IFP application by submitting his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, if he chooses to do so, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis status*. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

3

motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff alleges he was "locked up for child support" and strip searched at Camden County Jail, even though he was not arrested for a criminal offense. (Compl., ECF No. 1, ¶III(c)). Plaintiff seeks money damages for violation of his privacy. (Id., ¶¶IV, V.)

B. Section 1983 claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

4

> immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

### 1. A Jail Is Not a Proper Defendant in a § 1983 Action

The only defendant to this action is the Camden County Jail. The Camden County Jail is not a "state actor" within the meaning of § 1983. See Crawford v. McMillian, 660 F. App'x 113, 116 (3d Cir. 2016) ("the prison is not an entity subject to suit under 42 U.S.C. § 1983") (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)). Therefore, the claim against Camden County Jail fails to state a claim upon which relief may be granted, and is required to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. The Fourth Amendment Applies to Bodily Searches in Prison

The Fourth Amendment, which protects against unreasonable search and seizure, applies to bodily searches in the prison context. Parkell v. Danberg, 833 F.3d 313, 326 (3d Cir. 2013) (citing Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, --- U.S. ----, 132 S.Ct. 1510, 1516, 182 L.Ed.2d 566 (2012) ("Florence II").

> The test of reasonableness under the Fourth Amendment ... requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Inmate search policies are constitutional if they str[ike] a reasonable balance between inmate privacy and the needs of the institutions.

Parkell, 833 F.3d at 326 (internal quotations and citations omitted).

"In Florence II, the Supreme Court declined to require jails to adopt a policy of exempting new detainees 'who ha[d] not been arrested for a serious crime or for any offense involving a weapon or drugs' from the blanket strip searches conducted before detainees were committed to the general population." Id. at 329 (quoting Florence II, 132 S.Ct. at 1520.) The detainee, in Florence II, was arrested on a bench warrant for failure to appear at a hearing to enforce a fine. 132 S.Ct. at 323. The Supreme Court held that, where the

6

detainee was to be admitted to the general population, and although there was no individualized suspicion that he possessed contraband, his strip search during the intake process did not violate the Fourth Amendment. Id. at 334-38.

Here, Plaintiff has alleged only that he was stripped searched upon admission to Camden County Jail, and that he was not arrested for a criminal offense. Plaintiff has not set forth any facts that would distinguish his case from Florence II, where the Supreme Court found no constitutional violation. Therefore, the present Complaint fails to state a claim upon which relief may be granted, and would be dismissed upon screening pursuant to 28 U.S.C. § 1915(e)(2(B). If Plaintiff can allege additional circumstances surrounding his strip search that would render the search unreasonable under the Fourth Amendment, Plaintiff may wish to file an Amended Complaint.

III. CONCLUSION

The Court will administratively terminate this matter without prejudice because Plaintiff failed submit a complete IFP application under 28 U.S.C. § 1915(a)(2). Plaintiff is advised that if he cures the deficiencies in his IFP application and reopens this action, his civil rights complaint would be dismissed without prejudice upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

                                                    s/Renée Marie Bumb
                                                  **RENÉE MARIE BUMB**
                                                  **United States District Judge**

**Dated: September 6, 2017**